argument next in number twenty thirty three oh six so versus Garland argument next in number twenty three oh six so versus Garland argument next in number So, Petitioner So's detention since his arrest by immigration authorities is authorized by section twelve thirty one a six of title eight. That section provides that an alien ordered removed who is within a listed class may be detained beyond the removal period. There's no dispute that this statutory language covers Mr. So. He is ordered removed, he is within the removal period. The resolution of this appeal turns on whether despite that text section twelve twenty six rather than section twelve thirty one applies. Section twelve twenty six applies pending a decision on whether the alien is to be removed. The court should conclude that there is not a reason to find section twelve twenty six applies. What about our decision in which says that if there is a judicial stay of removal, twelve twenty six applies? Your Honor, that language has to be read in context. The court was in construing section twelve thirty one when it was asking the question whether the removal period has started. And that's not the question here. The question is, no one doubts that the removal period began many years earlier and ended many years earlier. Hetcheverry says twelve thirty one does not apply to immigrants whose removal has been stayed pending judicial review. I mean, that language, why doesn't that language control this case? Well, because, Your Honor, the court did not have occasion to address the significance of a judicial review of a motion to reopen because there was no motion to reopen pending at the time. It was a petition to review an underlying removal. But the reasoning is whether there's an impediment to removal and the existence of a judicial stay is indeed, it seems to me, an impediment to removal. That's correct, Your Honor. A judicial stay is an impediment to removal. But the court is construing a statute and the statutory language does not refer to a or an order or a or an final order. It refers to the order of removal. And what the statute says specifically, if the removal order is judicially reviewed and if a court orders the stay of the removal, then the date of the court's final order is the date the removal period begins. And here, just so I understand, the removal order, the removal order, is, was back in 2008, I guess, and so the time frame beyond the removal period is like thirteen years? Yes, Your Honor. The removal order was actually entered in 2007. In 2008, this court affirmed the removal order. And so the removal period began in 2008, but the removal order itself was in 2007. It just seems like an awful long time, thirteen years. And can you explain what happened in the intervening decade plus? Unfortunately, Your Honor, I can't. I mean, the record doesn't disclose what happened. In the ordinary course, when a removal order is, when it's appropriate to enforce a removal order after like a court of appeals, it's not as a petition for review. There should be a warrant of removal issued, and that's the basis for the immigration authorities to arrest the foreign national in order to enforce the order. As far as I can tell from looking at the record, a warrant was not issued at that time, and Mr. Soto was not detained at that time, and so I, you know, it's not clear why. It's really an extraordinary case. It seems odd that, you know, the removal period is 90 days, and now we've got orders of magnitude that beyond the removal period time frame could cover. Yes, Your Honor, it is an extraordinary case. May I be sure I understand what you're at least suggesting may have happened? Are you suggesting that he was not detained during that period of the 13 years and that somehow they lost track of him or he was, his whereabouts were unknown? Is that what you're suggesting? I'm trying to make some sense of this. I don't know the answer to that question, Your Honor. Mr. Soto was not detained during the removal proceedings, and so, you know, there was no way that immigration authorities would be able to easily serve him. In the typical case, I think what immigration authorities do when a removal order becomes final is they notify the foreign national that they are supposed to report for removal, and when they don't report, then that's their resisting or refusing to cooperate in their removal. So he's had a bond hearing now and has been released? Yes, he has. What impact does that have on this appeal, if any? Well, it does not remove the statutory obstruction question. It does make it, it's just one principle reason why the court need not address the constitutional claims as my friend has urged the court to do. The constitutional claims wouldn't be necessary to decide unless and until DHS were to detain Mr. Soto for such an extended period of time that it would be necessary to consider But if we were to rule in the government's favor, the government would go out and take him back into custody? I'm just trying to figure out what would happen as a practical matter. I don't know what the Department of Homeland Security would do. The court's order would certainly clarify that the immigration judge's order is not the operative order of release, so DHS would consider him for release again in accordance with his procedures. It may well be that DHS would consider how... Well, the immigration judge at the bond hearing said he's not a flight risk, he's not a danger to the community. Right? Yes, Your Honor. And so what's the status of his presence in this country? Is he pending some kind of review of his removal, or is the removal order now ready to be executed? What's the status of his... The removal order could be executed, but for the fact that this court has stated removal pending its review of the denial of his motion to reopen his removal proceedings. I see that... I have one other question. I saw somewhere that the parties agreed to hold a decision or a request that we hold off on deciding the petition for review until this case is decided. Is that right? Well, what the parties agreed to is an expedited decision in this case. In this case? Yes. But if he loses in the other case, would that move this out? I believe it would, Your Honor. Yes, I'm not understanding why you didn't do it the other way, particularly since he's been released. Well, part of the government's interest here is to get clarity about the scope of statutory authority. Can I just ask you one other question? What's the status of his petition for review of the denial of his motion to reopen? Is there a briefing schedule? Has briefing been completed? What's the status of that? I believe it was fully briefed as of a year ago in May. But there's a stay, there must be a stay of the appeal pending this case? No, I don't believe so, Your Honor. No, it's just a stay of the removal. Correct, correct. Can I ask you one question? Assuming we agree with you that the detention is pursuant to 1231, you ask us to vacate and remand for more fact finding. What do you have in mind there? Why would we do that? Well, that would be in connection with the adjudication of the constitutional claim, if it's necessary. Correct. And so my question is what fact finding and why? That would only be on top of the possibility that he would be re-detained without asking for a complete dismissal of the case because it's possible that DHS might re-detain him. I don't know what they would decide once the If we were to uphold, if we were to deny the petition for review of the removal, to reopen the removal, would that move this case? I believe it would because then it would make clear that the primary submission, which is that the judicial stay of removal, makes this case a 1226 case rather than a 1231 case. I wasn't thinking that. I was thinking if we deny the petition to reopen the removal proceedings, then whether he's in or out, you can remove him, right? That's correct, Your Honor. All right. So at that point, it doesn't matter anymore whether it was 1226 or 1231, right? That's correct, Your Honor. Okay. Now my question to you is, is there some reason you need this appeal decided before that petition to reopen, to review the reopen denial is decided? Because especially if it's fully briefed, I'm wondering whether it just makes more sense to get that decided. I understand that if you lose that, you might want a decision in this case, but if you win it, then it's moved. So tell me what practically you need us to do as a court on these two appeals. Your Honor, it would be helpful to have clarity as to the question of statutory authority. As you know, the district court in this case and a number of other district court decisions that have held that in circumstances such as these Well, I can understand why the government wants clarity, but actually on the petition for review, either way, whether the government wins or loses, wouldn't this case be mooted? If the government loses, the case wouldn't necessarily be mooted. Because if the government loses on the petition for review denial of the case, then the case would be remanded to the Board of Immigration Appeals to reevaluate the motion to reopen. The court's judgment would not actually affect the finality of the removal order in the case. It would be just as if the motion to reopen were pending before the agency after, you know, in the first instance, having not been adjudicated. And if that happened, you lose and you go back down and all that, you would want him in custody during that time. Is that what you're telling us? Your Honor, that's a decision for DHS. I'm sorry? I'm sorry, that's a decision for DHS to make? Well, what are we doing here if you don't want to put him back in? Well, we're seeking clarity on the statutory authority question. It's almost as if you're asking for an advisory opinion from us because you want clarity. Well, no, Your Honor, the question isn't simply like, you know, getting an advisory opinion on a point of law. It is to the government whether... Well, I understand it matters to the government, but in terms of the case that's in front of us, I don't know that it makes that much difference for the case that we have before us now. Well, Your Honor, you have a point that is construed in this case may be moved about by a resolution on the petition for review. That's a matter that will be decided on the court's timeline, and our decision to appeal this case and seek a resolution to the issue was motivated by the fact that... But you see, my concern, and I really didn't think we were going to get into the federal court's questions, but if you're not telling us you want to put him back in, what's the case of controversy here? Your Honor, DHS may want to re-detain him. It's a question for their decision, and if the court wishes to have a briefing on that question, you know, I'll be happy to submit a letter advising the court. There is a case of controversy here, because a ruling by this court that there is statutory authority would put the decision back in the hands of DHS, where presently it's not now. It's in the hands of the immigration judge, and so it would make a difference. What decision is in the hands of the immigration judge? What decision? Whether he's on bail or not, or what? Yes, the immigration judge in this case held a hearing pursuant to the district court's order. Okay, I just wanted to be sure I understood what you were saying. Okay. Okay, thank you, counsel. We'll hear from Ms. Belcher. Thank you, Your Honor. May it please the court, I'm April Young on behalf of the petitioner. Are you able to provide any clarity as to the agreement to put this case ahead of the other one? Your Honor, we consented to the government's motion to expedite this proceeding, but there is no state that I'm aware of associated with this pending petition for review. And should the court decide to answer a rule about that case first, then that is, of course, up to the court. Well, we're not sure what the status is of the other case. I mean, it was fully briefed a year ago, but you don't have an argument date? That's correct, Your Honor. I'm actually not counsel on the immigration matter. I'm counsel on this biggest petition. See, I might wonder why we don't expedite the other case and get it decided as soon as possible. Would there be any objection to that? I don't believe that there would be a harm, but again, I'm not counsel and I can't represent Mr. Soto's wishes. It's a little difficult for us. We have a government that doesn't know why certain things happened, and you can't speak for your client on all matters. It leaves us in a little bit of a difficult position, but let me let you make your argument. Thank you, Your Honor. I would just note that the Chiviria does control the outcome here. I think you need to speak into the mic, at least for me to understand you well. Yes, the Chiviria does control the outcome here, and that's because, as Your Honor noted, here, as in Chiviria, the petitioner has a pending petition of review before this Court and a related stay of removal, and that is a substantive impediment to Mr. Soto's removal, and for that reason, Section 1226 governs of the Court held in Chiviria, and that's because that statute states very clearly that it governs detention where somebody is detained, quote, pending a decision on whether they ought to be removed, unquote. In that case, the removal period hadn't started yet, so the detention could not have been under 1231. Isn't that right? Actually, Your Honor, in Chiviria, the petitioner had filed a petition for review and didn't receive his stay of removal until well after the 90-day removal period had expired, so on the government's theory, he too would have been under Section 1231 on the fact of that case. There is nothing in the statute requiring that somebody obtain a stay of removal within a certain period of time in order to fall within Section 1226. And there is no meaningful difference in terms of the application of the statute, as the government has argued, where the judicial review is on a motion to reopen the removal order instead of the derisory removal order. Under both, the removal order is being judicially reviewed. On a motion to reopen, the removal order is necessarily implicated. Should Mr. So prevail in his petition for review and prevail on his motion to reopen, his removal order would be vacated. That was also true in Chiviria, where the petitioner had filed for removal. I'm still not sure I understand your view on Chiviria. The petitioner's direct challenge to his order of removal was still pending before this Court. In those circumstances, I don't know how we can conclude that his removal period had even commenced. Your Honor, the government has argued that Section 1231 applies the moment that the agency issues its final decision in a case, when the removal order, in other words, becomes administratively final. And in the Chiviria act here, the petitioner did not obtain a stay of removal from the Court in the petition for review. But this Court has upheld your client's direct challenge to his order of removal. So, at that point, under the statute, it would seem to me that his petition is final and the 90-day period then runs and it's completed. That's correct, Your Honor. But once Mr. So has filed his new challenge to his removal order and received a stay from this Court related to that challenge to the removal order, the detention authority shifted back to Section 1226. But that's not, I mean, there's law to the contrary on that, that a motion to reopen before the BIA does not affect the finality of the removal order. We said that in Xiaochuan Chen. Well, it's correct, Your Honor, that while the motion to reopen is before the BIA, he does remain detained under Section, he would remain detained under Section 1231. 1231A, it's A1B2, provides that where the person has obtained a stay and a judicial review before this Court. No, no. In Xiaochuan Chen, we not only said that the motion to reopen before the BIA does not affect it, then we concluded we see no reason why the filing of a petition for review to our Court should affect finality. So it remains final. You can seek your review, but the finality has occurred. Am I missing something? Help me out. Yes, Your Honor. Your Honor, while the order is administratively final for the agency, as was true in Echevarria, the removal order is final. That's not in dispute here. Where there is a pending petition for review and a stay, you can nonetheless be under Section 1226. And the Supreme Court recently included in Chavez. And what case do you say supports that or compels that conclusion? Echevarria, Your Honor. I'm having difficulty with that given that we were dealing with a direct challenge, not a petition for review there. Echevarria is broad reasoning. And if you look at the language in that decision, the Court repeatedly stated in broad terms that somebody who has a stay of removal pending judicial review without specifying what type of judicial review is not within Section 1231. And conversely, Section 1226, which does govern detention here, states very clearly that a petitioner who is being detained pending a decision on whether they are to be removed is governed by that statute. Here Mr. So is, in every sense, was being detained pending a decision on whether he was to be removed. If the Court denies the petition for review, he could be removed. And I would note on just with respect to the Court's question about the timeline here that the point of Section 1231 is to effectuate the removal. So the provisions in that statute are with respect to the logistics, the paperwork, the flight. Here the government cannot remove Mr. So. It makes, as the Court said in Echevarria, it would make no sense to classify him of the other people governed by that statute. But if he does lose his petition for review, it is from that moment that his removal period begins. That is when the government can actually effectuate his removal. So is your argument that he is not right now subject to a final order of removal because there is a pending motion to reopen? His removal order is final at the agency level. It's administratively final. That was also true in Echevarria. But doesn't that bring us within the first prong of the 90-day removal period? If Your Honor is referring to the three exceptions in 1231A1. I'm sorry, yeah, right. Then if those provisions begin a final deletion of those three scenarios, and here Mr. So is detained or holds within a second of those. Your point is that the key is that there's a stay issued by this Court, right? If it was simply a petition for review pending without a stay, you'd be in a different situation. That's correct, Your Honor. The stay is the key here. The stay is the key. That is correct. And to get the stay, there presumably was a showing made that a stay was warranted. That's correct. This Court, in fact, I believe members of this panel issued that stay in his case and did work to find where it was. Some of us. I believe all three of you, Your Honor, can revolt in some way on this petition for review that related to stay. But in any respect, I would actually like to transition here to, because I see I am out of time, this question of remand. If the Court were to find that Section 1231 governs, and as the government has asked remand and vacate, as Your Honor's Court stated that they won't just re-detain Mr. So the moment the Court issues a decision. And given that they detained him for two years without a custody hearing prior to the decision of the district court, there's every reason to believe that they could do that. And so if this Court is inclined to remand and vacate, we would ask that the Court also issues a decision preventing the government from re-detaining him pending a determination in that case. Ms. Besser, I'm trying to make sure I've understood your argument a moment ago. Are you saying that it's this Court's grant of a stay that precludes the finding of finality? Well, that is correct in a sense, Your Honor. The decision, the removal order can be administratively finalized. I just want to make sure I understand because we are reviewing a grant of habeas relief, granted before we entered the stay. And I may have misunderstood your argument, but I thought in response to some questions by Judge Chin, you were just suggesting that how this comes not to be a final removal order is that this Court, this panel, granted a stay of removal. That doesn't make sense to me, so help me out. How does our grant of a stay affect the finality question here? Your Honor, administrative finality, if that is what you're referring to, the finality of the removal order at the agency level is not in dispute. We can see as the petitioner did in the chamberea that his removal order is final. But the district court's grant of habeas is what's before us because it thought it had a 1226 situation rather than a 1231 one. Isn't that correct? That is correct. And that's what we're being asked to review. I don't know how our actions granting a stay now help you argue that the district court was correct under circumstances that didn't exist yet. Excuse me, I haven't understood. Help me out. Yes. The stay was in place at the district before the district court issued its decision. The what was? The stay of this Court and its petition for review was in place. Because it was granted on the decision not to reopen by the agency. Mr. Soka filed his petition for review on the motion to reopen and received a stay of removal related to that petition for review well over a year before the district court issued its decision. Okay. So that was before the district court. If I may rephrase, I stand well over time if I may rephrase. Briefly, please. This Court previously held in the chamberea that Section 1231 did not govern the intention of immigrants with a stay pending judicial review. Because the government has not been able to meaningfully distinguish that case, the Court should return to the district court decision here and find that the petition was governed by a qualified stay. Thank you. Thank you. Mr. Byer, you have two minutes reserved for rebuttal. Thank you, Your Honor. Despite the broad language in the chamberea, it does not control this case. The Court should clarify that the chamberea addresses the question of when does the removal period begin. One of the ways that I find helpful to think about this question is that this provision, 1231A1B, functions like a one-way ballot. And the chamberea addresses when that opens. And the one-way ballot does not allow a backdoor. It only opens one way, and it doesn't serve any further purpose. When you look at the caption of this provision, the statute, it refers to the detention and removal period. That's not the question before this Court. The removal period began and ended, and we're now at a point where the detention is beyond the removal period. That's the language in Section 1231A6, and that's what is the key here. In Duke v. Duke-Payson, the Ninth Circuit ruled that in these circumstances, detention is under 1231A6. And this Court should hold the same view. The District Court should be reversed insofar as it held otherwise in the case you just mentioned. As far as the question that the Court had expedited the petition for review that did not have the motion to reopen, I am not the government's attorney in that case. I can confer to the government's attorney and provide a report to the Court of Deletions. If there are no further questions, I'll just ask that the decision of the District Court be reversed immediately. Thank you, Your Honor. Thank you, Counsel.